UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, 1370 Ontario Street, Mezzanine, Cleveland, Ohio 44113,<br><br>     Plaintiff,<br>v.<br><br>NORFOLK SOUTHERN RAILWAY CO. Three Commercial Place, Norfolk, VA 23510,<br><br>and<br><br>NORFOLK SOUTHERN CORP. Three Commercial Place, Norfolk, VA 23510,<br><br>     Defendants. | CASE NUMBER 1:05CV01188<br><br>JUDGE: Richard W. Roberts<br><br>DECK TYPE: TRO/Preliminary Injunction<br><br>DATE STAMP: 06/14/2005 |

### DEFENDANT-CROSS-CLAIM PLAINTIFF
### UNITED TRANSPORTATION UNION'S ANSWER AND CROSS-CLAIM

United Transportation Union ("UTU") for its Answer to Brotherhood of Locomotive Engineers and Trainmen's ("BLET") Complaint responds as follows:

1. The averments of Paragraph 1 of the Complaint state conclusions of law to which no response is necessary.

2. The averments of Paragraph 2 of the Complaint state conclusions of law to which no response is necessary.

3. The averments of Paragraph 3 of the Complaint state conclusions of law to which no

response is necessary.

4. UTU admits the allegations contained in Paragraph 4 of the Complaint.

5. UTU admits the allegations contained in Paragraph 5 of the Complaint.

6. UTU denies the allegations contained in Paragraph 6 of the Complaint.

7. UTU admits the allegations contained in Paragraph 7 of the Complaint.

8. UTU is without sufficient information and knowledge to form a belief as to the allegations in Paragraph 8 of the Complaint.

9. Based on information and belief, UTU admits the allegations contained in Paragraph 9 of the Complaint.

10. UTU admits that it is an unincorporated labor organization and that it is the exclusive duly certified representative of the craft or class of conductors and trainmen on Norfolk Southern Railway Company ("NSR").

11. UTU admits that on March 9, 2005, NSR Assistant Vice President-Labor Relations H. R. Mobley wrote to the General Chairpersons of the BLE and UTU. With respect to the contents of this letter, UTU states that his letter speaks for itself.

12. UTU admits that the issuance of the March 9, 2005 letter was sent during an organizing campaign of the craft or class of trainmen initiated by BLET on NSR. UTU denies the remaining allegations in Paragraph 12 of the Complaint.

13. UTU denies the allegations contained in Paragraph 13 of the Complaint.

14. UTU is without sufficient information and knowledge to form a belief as to the allegations contained in Paragraph 14 of the Complaint.

15. UTU is without sufficient information and knowledge to form a belief as to the allegations contained in Paragraph 15 of the Complaint.

16. UTU is without sufficient information and knowledge to form a belief as to the allegations contained in Paragraph 16 of the Complaint.

17. UTU admits that on or about May 3, 2005, a Superintendent's Notice was posted on NSR providing: "Solicitation of any type, including recruitment and/or union organizing among agreement employees, is prohibited on the private property of NS." UTU denies the remaining allegations in Paragraph 17 of the Complaint.

18. UTU denies the allegations contained in Paragraph 18 of the Complaint.

19. UTU admits on May 20, 2005, H. R. Mobley issued a letter. With respect to the contents of the letter, UTU states that the letter speaks for itself. UTU denies the remaining allegations in Paragraph 19 of the Complaint.

20. UTU admits that on May 20, 2005, UTU International President Paul C. Thompson issued a letter to all NS Local Officers and NS Local Chairman. As to the contents of this letter, UTU states that the letter speaks for itself. UTU denies all remaining allegations in Paragraph 20 of the Complaint.

21. Based on information and belief, UTU admits that on or about May 26, 2005, that BLET began soliciting authorization cards from trainmen on NS, which could be used to initiate a representation proceeding at the National Mediation Board under the Railway Labor Act if a sufficient showing of interest is made pursuant to the Board's requirements. UTU denies the remaining allegations in Paragraph 21 of the Complaint.

22. UTU denies the allegations contained in Paragraph 22 of the Complaint.

23.    UTU denies the allegations contained in Paragraph 23 of the Complaint.

24.    UTU denies the allegations contained in Paragraph 24 of the Complaint.

25.    UTU denies the allegations contained in Paragraph 25 of the Complaint.

26.    UTU adopts and incorporates by reference its answers to Paragraphs 1-25 in response to Paragraph 26 of the Complaint.

27.    The averments in Paragraph 27 are conclusions of law to which no response is required.

28.    The averments in Paragraph 28 are conclusions of law to which no response is required.

29.    UTU adopts and incorporates by reference its answers to Paragraphs 1-28 in response to Paragraph 29 of the Complaint.

30.    The averments in Paragraph 30 are conclusions of law to which no response is required.

31.    The averments in Paragraph 31 are conclusions of law to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction of Plaintiffs' claims which are subject to mandatory arbitration under the Railway Labor Act.

To the extent UTU has neither admitted nor denied any allegations herein, they are denied.

WHEREFORE Defendant UTU prays that this Court dismiss BLET's Complaint and grant Defendant UTU its costs and such other and further relief as the Court deems just and equitable.

### UNITED TRANSPORTATION UNION'S CROSS-CLAIM

UTU, for its cross-claim, states as follows:

## JURISDICTION

1. This Court has jurisdiction of UTU's Cross-Claim arising under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, an Act regulating commerce, pursuant to 28 U.S.C. §§ 1331, 1337. The Court has the power to declare the rights and obligations of the parties and to grant any other relief as may be necessary pursuant to 28 U.S.C. §§ 1651, 2201, 2202.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) because the Plaintiffs' claims partly arise in this judicial district and because Defendant NSR is a corporation doing business in this judicial district.

## PARTIES

3. Defendant Cross-Claimant United Transportation Union is an unincorporated labor organization which represents railroad and transportation employees throughout the United States and Canada. The UTU is a representative as defined by Section 1 Sixth of the Railway Labor Act ("RLA"), 45 U.S.C. § 151 Sixth, of the craft or class of conductors and trainmen employed by the Norfolk Southern Railway Company.

4. Defendant Norfolk Southern Railway Company is a common carrier by rail engaged in interstate commerce operating in most of the eastern half of the United States. NSR operates and maintains track and other railroad facilities in the United States and is a "carrier" as defined in Section 1 First of the Railway Labor Act, 45 U.S.C. § 151 First, and is subject to the obligations and duties imposed upon a carrier by the Railway Labor Act. The railroad has its corporate headquarters in Richmond, Virginia.

5. Plaintiff BLET is an unincorporated labor organization which represents railroad employees throughout the United States and Canada. BLET is a representative as defined by Section 1 Sixth of the

5

RLA, 45 U.S.C. § 151 Sixth, of the craft or class of engine service employees employed by NSR.

## FACTS

6. On March 9, 2005, H. R. Mobley, Assistant Vice President of Labor Relations for NS, wrote to the General Chairperson of the BLET and UTU on the NS regarding "the ongoing recruitment efforts" of BLET. Mobley announced that, "recruitment and/or organizing among agreement employees on the private property of NS, falls outside our established practice, and will not be permitted."

7. The issuance of this March 9, 2005 letter from NS to the General Chairperson of the BLET and UTU coincided with the preliminary stages of an organizing campaign initiated by the BLET. This organizing campaign involves an ongoing raid on UTU where BLET is seeking to represent the craft or class of conductors and trainmen on NS.

8. On or about May 26, 2005, BLET began soliciting authorization cards from conductors and trainmen employed by the NS. If sufficient authorization cards, which demonstrate a showing of interest, are signed and collected by BLET, they could be used to initiate a representation proceeding at the National Mediation Board for these conductors and trainmen on NS.

9. Throughout this relevant time period, BLET members on NS have approached UTU trainmen on NS while on duty, asking them to support the raid on the UTU by signing authorization cards.

10. Several times, the BLET members engaged in verbal harassment of and physical assault on UTU members while on duty if they expressed disinterest in the BLET's pleas for signatures.

11. With respect to BLET's on-duty organizing tactics, railroading is a dangerous profession, especially with respect to operating employees, such as conductors and trainmen. These workers cannot afford to be distracted when engaged in the operation of trains or engaged in work off the trains in the

yard. Their focus must be on the safe operation of the train and their surroundings in order to ensure the safety of themselves, fellow workers and the public. When UTU members are confronted by BLET organizers when at work, this can lead to less than safe working conditions.

12. NS initiated the no-solicitation policy to ensure a safer environment on the carrier.

13. While NS' no-solicitation policy on its face may promote a safer environment on the carrier, NS's application of it has not been handled evenly by the carrier. On several occasions, BLET members have violated this policy, and NS has not disciplined the individual at issue or has only warned the individual. On the other hand, in certain instances where a UTU member is alleged to have violated the policy, that individual has been disciplined on some occasions.

14. In other words, UTU believes it has been given less preferential treatment than BLET with respect to NS' application of this policy.

## COUNT I

15. UTU realleges and incorporates by reference Paragraphs 1 through 14 as if fully restated herein.

16. Section 1a(2) of the RLA "forbid[s] any limitation upon freedom of association among employees or any denial, as a condition of employment or otherwise, of the rights of employees to join a labor organization. 45 U.S.C. § 151a(2).

17. Section 2 Third of the RLA provides that employees may select their representatives "without interference, influence, or coercion" of "any" kind. 45 U.S.C. § 152 Third.

18. Section 2 Fourth of the RLA further provides that:

No carrier, it officers, or agents shall deny or in any way question the right

of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees. . . or to influence or coerce employees in an effort to induce them to join or remain or not to join or remain members of any labor organization.....

19. The carrier, by its conduct in failing to evenly enforce its no-solicitation policy with respect to the UTU and BLET, has interfered with, coerced, or influenced UTU members' decision on NS to choose the representative of their choice.

## **PRAYER**

WHEREFORE, the UTU prays that this Court grant the following relief:

1. Declare that Norfolk Southern Railway by its conduct described herein, violated Section 2 Third and Fourth of the RLA, 45 U.S.C. §§ 152 Third and Fourth;

2. Enjoin NSR from further violating the RLA;

3. Require NSR to enforce its no-solicitation policy evenly with respect to UTU and BLET and to remain neutral in the organizing campaign;

5. Award to UTU the costs of this action, including reasonable attorney's fees; and

6. Award such other and further relief as the court may deem just and proper.

Respectfully submitted,

*/s/ Clinton J. Miller, III*
Clinton J. Miller, III (D.C. Bar No. 355602)
General Counsel
Daniel R. Elliott, III
Associate General Counsel
United Transportation Union
14600 Detroit Avenue
Cleveland, Ohio 44107
Tel: (216) 228-9400
Fax: (216) 228-0937

*/s/ Joseph Guerrieri, Jr.*
Joseph Guerrieri, Jr.
Guerrieri, Edmond, Clayman & Bartos, P.C.
1625 Massachusetts Avenue, N.W., Ste. 700
Washington, DC 20036-2243
Tel: (202) 624-7400
Fax: (202) 624-7420

Attorneys for Applicant for Intervention
United Transportation Union