IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN,<br><br>*Plaintiff,*<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY CO. and NORFOLK SOUTHERN CORP.,<br><br>*Defendants.* | Civil Action No. 1:05CV01188<br>Judge Richard W. Roberts |

## ANSWER OF DEFENDANTS NORFOLK SOUTHERN RAILWAY COMPANY AND NORFOLK SOUTHERN CORPORATION TO THE COMPLAINT OF PLAINTIFF BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN

Defendants Norfolk Southern Railway Company ("NSR") and Norfolk Southern Corporation ("NSC"), through counsel, hereby answer the Complaint For Declaratory And Injunctive Relief of plaintiff Brotherhood of Locomotive Engineers and Trainmen ("BLET"), as follows:

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this civil action.

### SECOND DEFENSE

BLET lacks standing to assert the claims set forth in its Complaint.

### THIRD DEFENSE

BLET's claims are not justiciable.

### FOURTH DEFENSE

BLET's Complaint fails to state a claim upon which relief can be granted.

## **FIFTH DEFENSE**

1.    With respect to the allegations of paragraph 1 of the Complaint, NSR and NSC admit that BLET seeks to invoke jurisdiction under the Railway Labor Act ("RLA"), but NSR and NSC deny that the Court has jurisdiction over BLET's claim or that BLET is entitled to any relief as a matter of law.

2.    NSR and NSC deny the allegations of paragraph 2 of the Complaint.

3.    Paragraph 3 of the Complaint states an argumentative proposition as to which no answer is required. To the extent an answer may be required, NSR and NSC deny the allegations of paragraph 3.

4.    With respect to the allegations of paragraph 4 of the Complaint, NSR and NSC do not contest venue or personal jurisdiction for purposes of this civil action only.

5.    NSR and NSC admit the allegations of paragraph 5 of the Complaint, except that NSR and NSC aver, on information and belief, that plaintiff customarily identifies itself as Brotherhood of Locomotive Engineers and Trainmen, a Division of the Rail Conference of the International Brotherhood of Teamsters.

6.    With respect to the allegations of paragraph 6 of the Complaint, NSR and NSC admit that BLET intends to assert claims on its own behalf and on behalf of BLET-represented employees of NSR; but NSR and NSC deny that BLET has standing to assert such claims; deny that BLET's Complaint states any such claims; and deny that any BLET-represented employees of NSR have any such claims.

7.    NSR and NSC admit the allegations of the first sentence of paragraph 7 of the Complaint. NSR and NSC deny the allegations of the second sentence of paragraph 7, except that NSR and NSC admit that NSR employs locomotive engineers who are represented by BLET

Case 1:05-cv-01188-RWR    Document 13    Filed 07/04/2005    Page 3 of 8

- 3 -

for purposes of collective bargaining under the RLA, and that from time to time NSR operates trains over trackage owned by unaffiliated railroads in this judicial district. NSR and NSC admit the allegations of the third sentence of paragraph 7.

    8.    NSR and NSC admit the allegations of the first three sentences of paragraph 8 of the Complaint. NSR and NSC deny the allegations of the fourth and fifth sentences of paragraph 8, except that NSR and NSC aver that NSC manages the operations of NSR and that a Vice Chairman of NSC holding the title of Chief Operating Officer of NSC is responsible for overseeing the rail operations of NSR. The sixth sentence of paragraph 8 does not require a response as it merely describes the terminology BLET wishes to use in its Complaint.

    9.    NSR and NSC admit the allegations of the first sentence of paragraph 9 of the Complaint. NSR and NSC deny the allegations of the second sentence of paragraph 9, except that NSR and NSC aver that BLET, which is the bargaining representative of NSR locomotive engineers for purposes of the RLA, acts from time to time through the chairmen of BLET's general committees.

    10.    NSR and NSC admit the allegations of the first sentence of paragraph 10 of the Complaint, except that NSR and NSC aver that the United Transportation Union ("UTU") is the bargaining representative of NSR's conductors as well as NSR's trainmen (and also of locomotive engineer trainees and certain NSR yardmaster employees). NSR and NSC deny the allegations of the second sentence of paragraph 10, except that NSR and NSC aver that UTU, which is the RLA bargaining representative, acts from time to time through the chairmen of UTU's general committees.

11. NSR and NSC deny the allegations of paragraph 11 of the Complaint, except that NSR and NSC aver that on March 9, 2005, Harold R. Mobley, NSC's Assistant Vice President-Labor Relations, sent a letter to the general chairmen of BLET and UTU; and NSR and NSC aver that the letter speaks for itself.

12. NSR and NSC deny the allegations of paragraph 12 of the Complaint, except that NSR and NSC aver that Mr. Mobley's letter was issued in response to information indicating that a representation campaign had begun among NSR's "train service" employees (conductors and trainmen), and that BLET appeared to be seeking to displace UTU as RLA bargaining representative of those employees.

13. NSR and NSC deny the allegations of paragraph 13 of the Complaint.

14. NSR and NSC deny the allegations of paragraph 14 of the Complaint, except that NSR and NSC aver that Mr. Myers, who is a locomotive engineer and not a train service employee of NSR, was given a nondisciplinary letter of caution.

15. NSR and NSC deny the allegations of paragraph 15 of the Complaint, except that NSR and NSC aver that Mr. Curran, who is a locomotive engineer and not a train service employee of NSR, was directed to attend a formal investigation to determine his responsibility for (1) making unauthorized use of NSC's internal "MEMO" e-mail system, and (2) engaging in union organizing activity in the workplace, in violation of instructions; that by letter dated June 27, 2005, Mr. Curran was assessed discipline in the form of a deferred 15-day suspension for his unauthorized use of the MEMO system, but no discipline was assessed on the second matter.

16. NSR and NSC deny the allegations of paragraph 16 of the Complaint.

17. NSR and NSC deny the allegations of paragraph 17 of the Complaint, except NSR and NSC aver that notices were posted by divisional superintendents on or about May 3 and May 4, 2005, and that the text of the notices speaks for itself.

18. NSR and NSC deny the allegations of paragraph 18 of the Complaint.

19. NSR and NSC deny the allegations of paragraph 19 of the Complaint, except NSR and NSC aver that Mr. Mobley issued a letter dated May 20, 2005, and that the text of the letter speaks for itself.

20. NSR and NSC lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, except that NSR and NSC deny any suggestion that NSR and NSC have acted, or will act, in coordination with or at the instance of UTU or its officials, in connection with enforcement of NSR's policy prohibiting solicitation, including union organizing activity, on its property.

21. NSR and NSC lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, except that NSR and NSC aver, on information and belief, that BLET is engaged in the process of soliciting authorization cards from NSR train service employees.

22. NSR and NSC deny the allegations of paragraph 22 of the Complaint.

23. NSR and NSC deny the allegations of paragraph 23 of the Complaint.

24. NSR and NSC deny the allegations of paragraph 24 of the Complaint.

25. NSR and NSC deny the allegations of paragraph 25 of the Complaint.

26. NSR and NSC incorporate by reference their responses to paragraphs 1 through 25 of the Complaint.

27. Paragraph 27 of the Complaint states a proposition of law as to which no answer is required. To the extent an answer may be required, NSR and NSC aver that the provisions of RLA § 2 Third, 45 U.S.C. § 152 Third, speak for themselves.

28. NSR and NSC deny the allegations of paragraph 28 of the Complaint.

29. NSR and NSC incorporate by reference their responses to paragraphs 1 through 28 of the Complaint.

30. Paragraph 30 of the Complaint states a proposition of law as to which no answer is required. To the extent an answer may be required, NSR and NSC aver that the provisions of RLA § 2 Fourth, 45 U.S.C. § 152 Fourth, speak for themselves.

31. NSR and NSC deny the allegations of paragraph 31 of the Complaint.

32. With respect to the section of the Complaint captioned "Relief Requested," NSR and NSC deny that BLET is entitled to the specified relief, or any other relief.

33. NSR and NSC deny each and every allegation of the Complaint not herein specifically admitted to be true.

## SIXTH DEFENSE

The Norris-LaGuardia Act, 29 U.S.C. §§ 101 *et seq.*, deprives the Court of jurisdiction to grant the requested injunctive relief.

## SEVENTH DEFENSE

The request for declaratory relief should be denied on prudential grounds.

## EIGHTH DEFENSE

BLET has unclean hands.

## NINTH DEFENSE

BLET is estopped to assert its claims.

### TENTH DEFENSE

To the extent that BLET asserts a claim with respect to discipline that has been or may be assessed with respect to an NSR employee, or asserts any other claim that requires interpretation of a collective bargaining agreement, the claim presents a "minor dispute" that is outside the jurisdiction of the Court because it is exclusively subject to arbitration under § 3 of the Railway Labor Act, 45 U.S.C. § 153.

### ELEVENTH DEFENSE

To the extent BLET seeks to assert a claim on behalf of NSR train service employees, the claim is barred by the United Transportation Union's role as the exclusive recognized collective bargaining representative of NSR's train service employees, for purposes of the Railway Labor Act.

### TWELFTH DEFENSE

BLET has failed to exhaust its administrative remedies.

WHEREFORE, having fully answered, defendants Norfolk Southern Railway Company and Norfolk Southern Corporation pray that the Complaint be dismissed and that plaintiff BLET take nothing; and that defendants be awarded their costs, including attorneys' fees, incurred in the defense of this civil action.

Respectfully submitted,

*[signature]*

Jeffrey S. Berlin (D.C. Bar #200048)
Krista L. Edwards (D.C. Bar #421537)
Mark E. Martin (D.C. Bar #373445)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8178
jberlin@sidley.com
kedwards@sidley.com
mmartin@sidley.com

*Attorneys for Defendants Norfolk Southern Railway Company and Norfolk Southern Corporation*