IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
BROTHERHOOD OF LOCOMOTIVE ENGINEERS          )
AND TRAINMEN,                                )
                                            )
                    *Plaintiff,*             )
           v.                                )   Civil Action No. 1:05CV01188
                                            )   Judge Richard W. Roberts
NORFOLK SOUTHERN RAILWAY CO.                 )
and NORFOLK SOUTHERN CORP.,                  )
                                            )
                    *Defendants.*            )
_____)

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS

Defendants Norfolk Southern Railway Company ("NSR") and Norfolk Southern Corporation ("NSC") hereby move the Court to dismiss this civil action for lack of subject matter jurisdiction or, in the alternative, to enter judgment on the pleadings for defendants, on the following grounds:

1. Defendants move to dismiss this civil action for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed. R. Civ. P., for the reason that the provisions of the Railway Labor Act ("RLA") pursuant to which plaintiff Brotherhood of Locomotive Engineers and Trainmen ("BLET") brings this civil action do not confer jurisdiction on the Court to consider BLET's claims. In particular:

   a. BLET is a labor union that is the certified representative of NSR employees in the "craft or class" of locomotive engineer, for purposes of collective bargaining under the RLA.

b. BLET is engaged in a campaign to displace another labor union, the United Transportation Union ("UTU"), as collective bargaining representative under the RLA of the approximately 8,000 employees of defendant NSR who work in the crafts or classes that comprise "train service."

c. NSR's locomotive engineers, whom BLET currently represents, are not included in "train service." There is no union representation campaign under way involving NSR's locomotive engineers.

d. BLET's Complaint seeks to challenge NSR's announced policy that bars all solicitation, including specifically union organizing activities, anywhere on NSR's property. BLET contends that NSR's policy violates the provisions of RLA §§ 2 Third and 2 Fourth, 45 U.S.C. §§ 152 Third and Fourth, which protect the right of railroad employees to organize and bargain collectively, and to select a bargaining representative without coercion or interference by their carrier employer.

e. NSR's locomotive engineers, who are the only NSR employees represented by BLET under the RLA, are already represented by a collective bargaining representative (BLET) and are not engaged in the process of organizing to bargain collectively or selecting a bargaining representative.

f. To the extent that BLET asserts a claim either on its own behalf or on behalf of the NSR locomotive engineers it represents for RLA purposes, seeking to vindicate an asserted right of NSR's locomotive engineers under RLA § 2 Fourth to "assist in the organizing of a labor organization" by NSR train service employees, the Court lacks subject matter jurisdiction because (i) the RLA does not confer a right on employees in one craft or class to "assist" members of another craft or class in organizing

to bargain collectively and selecting a bargaining representative, and (ii) where a labor organization is already in existence and represents the employees in one craft or class, its efforts to obtain members from the ranks of employees in another craft or class do not constitute assisting in the organizing of a labor organization, for purposes of the RLA.

      g.    To the extent that BLET asserts a claim that is founded on the provisions of RLA § 2 Eleventh (c), which, *inter alia*, permits train service employees to satisfy union-shop provisions in their UTU labor agreements by becoming members of BLET, the Court lacks subject matter jurisdiction to consider BLET's claim because § 2 Eleventh (c) does not create a right of action accruing to BLET.

      h.    To the extent that BLET seeks to assert a claim on behalf of NSR train service employees under RLA §§ 2 Third or Fourth in connection with the ongoing representation campaign involving those employees, BLET lacks standing to assert such claims because BLET is not the representative of train service employees for any purpose.

      2.    In the alternative, defendants move for entry of judgment on the pleadings in their favor, pursuant to Rule 12(c), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. In particular:

      a.    BLET's claims all depend on the existence of an affirmative right of employees to engage in solicitation activities on a carrier's property. But such a right is not recognized under the RLA. The principles governing employee solicitation under this statute are established by the National Mediation Board ("NMB"), the federal agency with exclusive jurisdiction over representation disputes. The NMB has never recognized the right on which BLET's claims depend but, instead, has implicitly rejected the

existence of any such right.  Under NMB precedents, a carrier is free to limit union solicitation activities by employees on carrier property as long as the limitation is uniform -- that is, does not favor one union over another.  No court has ever rejected NMB precedent and held that the RLA gives employees the affirmative right to solicit on carrier property.  BLET has not alleged that NSR's no-solicitation policy, or its enforcement, violates established NMB standards.

      b.      BLET's claims, in any event, do not belong in federal court.  The RLA by its terms does not provide for judicial enforcement of RLA §§ 2 Third or Fourth, and BLET's Complaint contains no allegations that would bring this case within the narrow standards for allowing an implied right of action under those provisions.  Specifically, BLET has not alleged that NSR's no-solicitation policy reflects anti-union animus; that enforcement of the policy would leave NSR employees without a union; or that the challenged policy otherwise fundamentally undermines the RLA's processes.

      c.      BLET would have the Court ignore the RLA and decisional law developed under the RLA, and instead evaluate BLET's claims under the different standards developed by the National Labor Relations Board ("NLRB") pursuant to the National Labor Relations Act ("NLRA").  BLET's approach fails because (i) it is inappropriate to look to NLRA law in the face of RLA precedent -- in this circumstance, the body of NMB case law addressing employee solicitation activities; and (ii) the RLA and NLRA materially differ in language and administrative structure.  Importing NLRA principles regarding solicitation and distribution into circumstances governed by the RLA would force federal courts to assume the fact-finding and policy-making roles that the NLRB performs under the NLRA, a result that would be inconsistent with the structure of

the RLA, which is designed to minimize judicial intrusion into the relationship between carriers and employees, and that would be beyond the institutional competence of the courts.

*     *     *

This Motion is supported by a Statement of Points and Authorities, filed herewith. Additionally, the motion to dismiss pursuant to Rule 12(b)(1) is supported by the Declaration of Harold R. Mobley, dated June 29, 2005, which was previously filed in support of defendants' opposition to BLET's application for preliminary injunctive relief; by the Second Declaration of Harold R. Mobley, dated August __, 2005, submitted herewith; and by the testimony of BLET witness Thomas C. Brennan, given in open court on July 13, 2005. The testimony of Mr. Mobley and Mr. Brennan should not (and need not) be considered in connection with defendants' Rule 12(c) motion for judgment on the pleadings.

WHEREFORE, defendants request that the Court dismiss this civil action pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction, or, in the alternative, enter judgment on the pleadings for defendants pursuant to Rule 12(c), for failure to state a claim upon which relief can be granted.

    Respectfully submitted,

    */s/ Jeffrey S. Berlin*
    _____
    Jeffrey S. Berlin (D.C. Bar #200048)
    Krista L. Edwards (D.C. Bar #421537)
    Mark E. Martin (D.C. Bar #373445)
    SIDLEY AUSTIN BROWN & WOOD LLP
    1501 K Street, N.W.
    Washington, D.C. 20005
    (202) 736-8178
    jberlin@sidley.com
    kedwards@sidley.com
    mmartin@sidley.com

    *Attorneys for Defendants Norfolk Southern Railway Company and Norfolk Southern Corporation*

August 26, 2005